IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JORGE MENA VILLA,

    Plaintiff,

v.                                 CASE NO. 5:11-cv-329-RS-GRJ

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

Before me are Defendant's Renewed Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 30) and Plaintiff's Response in Opposition (Doc. 31). The Court will construe the motion as a motion for summary judgment.

## I. STANDARD OF REVIEW

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in

1

the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

## II. BACKGROUND

Plaintiff was an inmate at the Marianna Federal Correctional Center ("FCI") beginning in May 2012. Two opposing gangs, the Paisa and the Surenos, had members imprisoned at FCI. On June 30, 2010, members of the Paisa gang attacked Plaintiff, a former member of the Surenos gang. On June 30, 2010, members of the Surenos and Paisas gangs were in the recreation yard at FCI Marianna when a fight broke out. Plaintiff was voluntarily in the yard at this time.

Recreational Specialists Barkley and Milton were on duty in the recreation yard that evening. Around 6:15 p.m., members of both gangs started to congregate in different areas of the recreation yard. (Doc. 30-4). Officer Barkley called the

two leaders of the gangs into his office and tried to disperse any tension. The two leaders shook hands before leaving his office. *Id.* Officer Barkley then called a lieutenant and suggested that the yard be recalled. *Id.* A recall is a mandatory order to the inmates to immediately return to their residential areas. (Doc. 30-1).

Around 6:55 p.m., there was a recreation "move," which is a time when inmates and enter or leave the recreation yard. *Id.* Lieutenant Evans noticed that no Hispanics were leaving the yard, so he and Officer Cassady walked around the yard to make their presence known to the inmates. *Id.* Lieutenant Evans saw the two leaders talking and sensed the tension, so he decided to recall the recreation yard. *Id.* When the recall announcement came over the intercom, the Paisas started to attack the Surenos. *Id.* Lieutenant Evans ordered the inmates to stop fighting and lie on the ground, but the inmates continued fighting before they eventually complied with his order. *Id.*

Plaintiff claims that employees of FCI had knowledge of a possible attack and failed to separate the gangs before and during the attack. Plaintiff claims there was a mandatory duty to conduct searches of the inmates, and the recreation specialists failed to conduct the searches. (Doc. 32).

Defendant brought its motion for summary judgment claiming that there was no mandatory directive that officers were required to follow and that Plaintiff's

3

allegations fall within the discretionary function exception to the Federal Tort Claims Act ("FTCA") waiver of immunity.

## III. ANALYSIS

Under the FTCA, the government waives its immunity to tortious actions by its employees committed within the scope of their employment. *Nguyen v. United States*, 556 F.3d 1244, 1250-51 (11th Cir. 2009). However, there is a "discretionary function exception" to this rule. This exception precludes government liability for "[a]ny claim based upon … the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused." 12 U.S.C. § 2680(a) (2011). "When the discretionary function exception to the FTCA applies, no federal subject matter jurisdiction exists." *United States Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009).

The Supreme Court established a two-part test to determine if the discretionary function exception applies. First, courts must determine whether an act "involv[es] an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991). If the court decides the act did involve an element of judgment or choice, then courts have to determine "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.*

4

Plaintiff argues there was a mandatory requirement that Recreational Specialists had to shake down and search inmates on the recreation yard. The position description of a Recreational Specialist states that "[t]he incumbent is required to shake down inmates, conduct visual searches of inmate work and living area for contraband, and is responsible for immediately responding to any institutional emergencies." (Doc. 31-2).

However, Plaintiff fails to prove, and what the affidavits provided by Defendant refute, that the Recreation Specialists were required to search all inmates as they entered the recreation yard every day. In fact, the evidence shows that Recreational Specialists had discretion in this area: "Neither my position description nor any Bureau of Prisons policy, regulation, directive, or FCI Marianna order directs when or how often I must engage in these measures [referring to searching inmates] as this is left to my discretion as recreation specialist." (Doc. 30-3). This is also supported by Officer's Barkley's Declaration (Doc. 30-4), Officer Milton's Declaration (Doc. 30-5), and Officer Henson's Declaration (Doc. 30-6). Therefore, the first part of the discretionary function test is met.

The discretionary function exception was enacted to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United*

*States v. Gaubert*, 499 U.S. 315, 322-23 (1991).  This, "when properly construed, the exception protects only governmental actions and decisions based on considerations of public policy." *Id.* at 323.  The Eleventh Circuit has concluded that decisions related to how inmates are supervised are susceptible to policy analysis.  *Cohen v. United States*, 151 F.3d 1338, 1344 (11th Cir. 1998).  In this case, the supervision of inmates on the recreation yard falls into the category of "inmate supervision" that is susceptible to a policy analysis.  Therefore, the second part of the discretionary function test is met.

## IV. CONCLUSION

1. Defendant's Motion for Summary Judgment (Doc. 30) is **GRANTED**.
2. The Clerk is directed to close the case.

**ORDERED** on September 12, 2012.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**